UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **GEORGE MARLIN LESTER** | **CIVIL ACTION NO. 05-2163** |
| -vs- | **JUDGE DRELL** |
| **VICTOR JONES, et al.** | **MAGISTRATE JUDGE KIRK** |

## R U L I N G

Before the Court are three motions for summary judgment: two filed by plaintiff George Marlin Lester (Docs. 57 and 78) and one by defendants Natchitoches Parish Sheriff Victor Jones, Chief of Detectives Travis Trammel, Warden Dean Dove, Chief of Jail Security Calvin McFerrin, Chief Deputy Greg Dunn, Deputy Rob Walsworth, Deputy Joseph Townsend, Lieutenant Troy Lindsey, Deputy Lionel Telsee, Deputy Robert Williams, and Deputy Cade Casteen ("Sheriff Defendants") (Doc. 105). The Sheriff Defendants' motion is GRANTED IN PART as to (1) any claims arising before December 14, 2004 and (2) the plaintiff's equal protection claim. However, because genuine issues of material fact remain as to most claims in this case, the Sheriff Defendants' motion is DENIED IN PART as to all other claims, and the plaintiff's motions are DENIED.

### SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Id. A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2510-11 (1986). If the movant produces evidence tending to show there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 321-23, 106 S. Ct. 2548, 2552 (1986)). In the analysis, all inferences are drawn in the light most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. Brock v. Chevron U.S.A., Inc., 976 F.2d 969, 970 (5th Cir. 1992).

## ANALYSIS

All three motions involve the same contested factual inquiries, inter alia: what exactly happened during the December 14, 2004 arrest; the amount of force used at that time; whether that force was appropriate under the circumstances; the nature of the plaintiff's alleged injuries; and the nature and adequacy of the medical care provided by the defendants. These issues are hotly contested, and their resolution necessarily involves credibility determinations beyond the scope of summary judgment. Because genuine issues of material fact remain, summary judgment clearly is not appropriate as to claims relying on those issues. The plaintiff's motions (Docs. 57 and 78) rest solely on those issues and so are appropriately DENIED.

Although the Sheriff Defendants' motion (Doc. 105) rests largely on the same contested factual matters, it also raises a couple of meritorious issues. First, the Sheriff Defendants claim that the one-year statute of limitations for actions under 42 U.S.C. § 1983 and one-year prescriptive period for state tort law claims should bar claims arising before December 14, 2004, since the instant suit was filed on December 14, 2005. It seems clear that the complaint discusses events before December 14, 2004 only in Paragraph 5 (Doc. 1, pp. 3-4) as part of the background to the actual claims at issue and so would be moot. However, out of an abundance of caution, to the extent the complaint attempts to state any claims arising prior to December 14, 2004, summary judgment is granted on those claims.

Second, the Sheriff Defendants assert that the plaintiff's equal protection claims should be dismissed because the plaintiff has failed to allege that he is a member of a suspect class. "At the heart of the Constitution's guarantee of equal protection lies the simple command that the Government must treat citizens as individuals, not as simply components of a racial, religious, sexual or national class." Miller v. Johnson, 515 U.S. 900, 911 (1995) (quoting Metro Broadcasting, Inc. v. FCC, 497 U.S. 547, 602 (1990) (O'Connor, J., dissenting)) (internal quotation marks omitted). Not only has the plaintiff failed to allege that he is the member of a suspect class under equal protection jurisprudence,[1] he has failed to allege that he is a member—or was treated as a

---

[1] See, e.g., Pennell v. City of San Jose, 485 U.S. 1, 14 (1988) ("[W]e will not overturn [a statute that does not burden a suspect class or a fundamental interest] unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the legislature's actions were irrational.") (quoting Vance v. Bradley, 440 U.S. 93, 97 (1979)).

3

member—of <u>any</u> class. Neither the complaint nor record evidence suggests that the plaintiff was treated as anything other than an individual. The plaintiff's equal protection claim is subject to summary judgment on that basis alone, and the Sheriff Defendant's motion is appropriately granted on that claim.

Other than the time-barred claims and equal protection claim, all other claims discussed in the Sheriff Defendants' motion rest on genuine issues of material fact. Accordingly, the motion will be granted in part and denied in part.

## CONCLUSION

Based on the foregoing, the plaintiff's motions for summary judgment (Docs. 57 and 78) are DENIED. The Sheriff Defendants' motion for summary judgment (Doc. 105) is GRANTED IN PART as to (1) any and all claims arising prior to December 14, 2004 and (2) the plaintiff's equal protection claim; in all other respects, the Sheriff Defendants' motion (Doc. 105) is DENIED IN PART.

SIGNED on this 13th day of February, 2008 at Alexandria, Louisiana.

Dee D. Drell
United States District Judge

4